UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-CV-05102-PD                                    Date: October 10, 2025

Title    *D.M. et al v. Vergil Services, Inc.*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings (In Chambers):**     **Order Granting Plaintiffs' Unopposed Motion to Proceed Pseudonymously  [Dkt. No. 9]**

Before the Court is Plaintiffs D.M., L.O., and G.V.'s (collectively, "Plaintiffs") Motion to Proceed Pseudonymously (the "Motion").  Dkt. No. 9.  On October 1, 2025, Defendant Vergil Services, Inc. d/b/a Redgifs ("Defendant") filed a Notice of Non-Opposition to the Motion.  Dkt. No. 18.  The Court **GRANTS** the Motion for the following reasons.

### I.     BACKGROUND

This is a putative class action which alleges that Defendant operates a pornographic website (the "Website") which wrongly transmitted sensitive user information to third party advertisers.  Dkt. No. 1 ¶ 4–6.  Plaintiffs are individuals who allege they viewed content from the Website and unknowingly had personal information, such as the specific videos they watched, transmitted to third-party advertisers like Alphabet, Inc. ("Google"). *Id*. ¶¶ 6, 18, 23, 28.  In exchange for providing this information to advertisers like Google, Defendant received access to Google's marketing, advertising,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-CV-05102-PD                                   Date: October 10, 2025

Title     D.M. et al v. Vergil Services, Inc.

and customer analytics software. *Id.* ¶ 8–11. Plaintiffs allege they did not authorize Defendant to disclose this information and assert that its conduct constituted an invasion of privacy, negligence, breach of implied contract, unjust enrichment, and violations of the Video Privacy Protection Act, Electronic Communications Privacy Act, as well as New York and California statutes.

## II.   DISCUSSION

### A.   Legal Standard

The Federal Rules of Civil Procedure state that every pleading must contain a title that names all the parties. Fed. R. Civ. P. 10(a). The presumption that parties must use their real names in litigation "is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted).

The Ninth Circuit permits "parties to proceed anonymously when special circumstances justify secrecy" including when it "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)). Specifically, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-CV-05102-PD                                  Date: October 10, 2025

Title      *D.M. et al v. Vergil Services, Inc.*

### B. Analysis

Plaintiffs move to appear and proceed pseudonymously in this action, arguing they will be exposed to ridicule and public embarrassment given the nature of the Website they allegedly accessed. Furthermore, Plaintiffs point to the privacy implications surrounding a person's sexuality and sexual behavior. *See Lawrence v. Texas*, 539 U.S. 558, 567 (2003) (describing "sexual behavior" as "the most private human conduct").

Defendant does not oppose the Motion, but by doing so, does not concede that Plaintiffs had a reasonable expectation of privacy in the information that allegedly was collected from the Website. Dkt. No. 18 at 2.

The Court agrees that the subject matter of the allegations implicate personal matters that could cause embarrassment to Plaintiffs if they are identified. It appears Defendant will not be prejudiced since Plaintiffs represent they will privately disclose their identities to Defendant's counsel. Dkt. No. 9 at 3–4. Further, the public interest in identifying Plaintiffs is minimal since their specific identities are not central to the allegations in this case, including whether Defendant improperly transmitted user information to third parties. *See Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 854 (N.D. Cal. 2023) ("Where the plaintiffs' identities are not central to the issues raised by a case, . . . the public interest may not be harmed by permitting plaintiffs to proceed pseudonymously.").

### III. CONCLUSION

Therefore, finding that Plaintiffs' need for anonymity outweighs prejudice to Defendant and the public's interest in knowing their identities, the unopposed motion is Granted.

IT IS SO ORDERED.