Sonjay C. Singh (*pro hac vice*)
**SIRI & GLIMSTAD LLP**
400 East Pratt Street
8th Floor - #16946751
Baltimore, MD 21202
Tel: (772) 783-8436
E: ssingh@sirillp.com

Daniel Srourian (SBN 285678)
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr., Suite 200
Beverley Hills, CA 90210
Tel: (213) 474-3800
E: daniel@sfla.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

L.O. and G.V., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VERGIL SERVICES, INC. D/B/A REDGIFS,

Defendant.

Case No. 2:25-CV-05102-PD

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE UNTIMELY RESPONSES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

| | |
|---|---|
| Date: | March 30, 2026 |
| Time: | 1:30 pm |
| Courtroom: | Courtroom 580, 5th Floor |
| Judge: | Hon. Patricia Donahue |

| | |
|---|---|
| Complaint Served: | Aug. 13, 2025 |
| FAC: | Dec. 19, 2025 |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE UNTIMELY RESPONSES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD.

**PLEASE TAKE NOTICE** that on March 30, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Patricia Donahue, located at the Edward R. Roybal Federal Building and United States Courthouse, 350 W. 1st Street, Los Angeles Courtroom 580, 5th Floor, 255 East Temple Street Los Angeles, CA 90012-3332, Plaintiffs will and hereby does move the Court for entry of an order deeming the attached Response in Opposition to Defendant's Motion to Compel Arbitration, and Response in Opposition to Defendant's Motion To Dismiss To Be Timely Filed.

This Motion is made pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, on the following grounds: (1) Plaintiffs' one-delay in filing their responses to Defendant's Motion to Compel Arbitration and Motion to Dismiss was the result of excusable neglect; and (2) no party will be prejudiced by deeming the attached responses to be timely filed.

Plaintiffs' Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the oral arguments of counsel, and any such other matters as the Court may consider.

Pursuant to Civil Local Rule 7-3, Plaintiffs' counsel attempted to contact Defendant's counsel earlier today to discuss the instant motion but were unable to make contact. Based on an automated e-mail reply received by Defendant's counsel, Plaintiffs' counsel believes that Defendant's counsel was out of the office today. Plaintiffs' counsel files the instant motion without conferring with Defendant in hopes of avoiding any further delay in this litigation.

Dated: March 10, 2026

Respectfully submitted,

**SIRI & GLIMSTAD**
By: *<u>/s/ Sonjay Singh</u>*
Sonjay Singh
Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

The instant motion arises from Plaintiffs' counsel's mere, albeit regretful, calendaring error that resulted in a day's delay in filing Plaintiffs' Responses in Opposition (the "Responses") to Defendant's Motion to Compel Arbitration and Motion to Dismiss (the "Motions").

Plaintiffs filed their First Amended Complaint ("FAC") on December 19, 2025. On January 16, 2026, Defendant filed its Motions. *See* Dkt. Nos. 27-28. After reviewing Defendant's Motions, Plaintiffs determined that amendment was proper in order to (1) correct the scrivener's errors in the FAC, (2) add additional details about the configuration of the Tracking Tools on the Website in hopes of limiting the issues Defendant raised in its Motion to Dismiss, and (3) add additional plaintiffs who had contacted Plaintiffs' counsel since the filing of the FAC. *See generally* Dkt. No. 29. Despite multiple attempts to contact Defendant's counsel regarding the proposed amendments, Plaintiffs were not able to obtain Defendant's consent to amend the FAC. *See id.* 2:24-3:17. As a result, Plaintiffs filed their Motion for Leave to file their Second Amended Complaint ("SAC") on February 5, 2026 in lieu of responding to Defendant's Motions. *Id.* Plaintiffs' counsel believed this to be the proper course of action to avoid wasting the parties' and the Court's resources with additional briefing on the Motions, in the event that the Court grants their Motion for Leave to file their SAC and denies the Motions as moot.

On February 27, 2027, the Court ordered that the hearing on Defendant's Motions be continued, and that Defendant's Motions and Plaintiffs' Motion for Leave to file their SAC will all be heard on March 30, 2026. Dkt. 36. Under L.R. 7-11, an order continuing the hearing of a motion automatically extends the time for filing and serving opposing papers to twenty-one (21) days preceding the new hearing date. Therefore, Plaintiffs' Responses were due on March 9, 2026. Unfortunately, Plaintiffs' counsel inadvertently

calendared their deadline to file their Responses on March 10, 2026, one day off from the actual deadline. Plaintiffs have no wish to delay this litigation and respectfully submit this motion requesting leave to file their Responses, attached hereto as **Exhibit 1** and **Exhibit 2,** one day late. To mitigate any prejudice this may cause to Defendant, Plaintiffs additionally request that Defendant receive a concomitant additional one day to file its Replies in support of its Motions. Granting Plaintiffs' request will have little to no impact on the scheduled hearing on March 30th, and will allow Plaintiffs' claims to be heard on their merits at the upcoming hearing.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). Rule 6 "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). In determining whether the parties have shown excusable neglect, courts consider four factors (the "*Pioneer* factors"): (1) the danger of prejudice to the nonmoving parties, (2) the length of delay, (3) the reason for delay, and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer*, 507 U.S. at 395).

## III. ARGUMENT

### A. PLAINTIFFS' NEGLECT IN FAILING TO FILE TIMELY RESPONSES TO DEFENDANT'S MOTIONS IS EXCUSABLE UNDER THE *PIONEER* FACTORS

Plaintiffs' good faith calendaring error has resulted in a one-day delay. Under the *Pioneer* factors, this delay does not significantly impact the proceedings, does not meaningfully prejudice Defendant, and constitutes excusable neglect under Rule 6(b).

***First***, the prejudice to Defendant is minimal. Plaintiffs request that Defendant be provided an additional day to file its Replies in support of its Motions to rectify the delay caused by Plaintiffs' error. *See Gabourel v. Luxottica of Am.*, No. 2:22-cv-00471-FWS-MAA, 2023 U.S. Dist. LEXIS 63653, at *6 (C.D. Cal. Apr. 10, 2023) (finding "little danger of prejudice" where plaintiff filed her opposition brief one week late and defendant was granted an additional week to file its reply brief); *Ahanchian*, 624 F.3d 1253, 1262 (9th Cir. 2010) ("The defendants would not have been prejudiced by a week's delay in the filing of the opposition and a concomitant week extension to file a reply. At most, they would have won a quick but unmerited victory, the loss of which [courts] do not consider prejudicial.").

***Second***, courts in this Circuit have found that delays longer than the one at issue here to be excusable. *See, e.g. Batemen v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding neglect was excusable despite a month delay); *C.H. v. Fruitvale Sch. Dist.*, No. , 2024 U.S. Dist. LEXIS 76106, at *4 (E.D. Cal. Apr. 25, 2024) (finding a delay of ten days "minimal and did not significantly impact the proceedings"); *Linder v. Golden Gate Bridge, Highway & Transp. Dist.*, No. 14-CV-03861, 2015 U.S. Dist. LEXIS 51094, at *11 (N.D. Cal. Apr. 17, 2025) (finding a delay of eight days resulted in "insubstantial" delay).

***Third***, the reason for Plaintiffs' delay was an honest mistake by Plaintiffs' counsel made while calendaring their deadline. "[W]hile a calendaring mistake is a 'weak justification for an attorney's delay,' . . . even calendaring mistakes are compatible with

findings of excusable neglect." *Linder*, 2015 U.S. Dist. LEXIS 51094, at *11-12 (citing *Ahanchian*, 624 F.3d at 1262); *see also Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (affirming district court decision finding excusable neglect despite moving party's failure to correctly apply a clear local rule); *Escamilla v. Miranda*, No. , 2024 U.S. Dist. LEXIS 17150, at *4 (N.D. Cal. Jan. 31, 2024) (finding excusable neglect where counsel filed "declarations representing to the Court that they entered deadlines 'consistent with what [they] thought were the applicable court rules").

***Fourth***, Plaintiffs have acted in good faith. Counsel's calendaring error was not a willful disregard for this Court's Local Rules, but an inadvertent oversight. *See Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding no evidence of bad faith where "errors resulted from negligence and carelessness, not from deviousness or willfulness"); *Loitman v. Evolution Metals LLC*, No. , 2025 U.S. Dist. LEXIS 215019, at *10-11 (C.D. Cal. Aug. 21, 2025) (finding no evidence of bad faith where moving party's delay was caused by calendar oversight); *Escamilla v. Miranda*, No. 2024 U.S. Dist. LEXIS 17150, at *5 (N.D. Cal. Jan. 31, 2024) (finding good faith where moving party "ha[d] not repeatedly failed to comply with Court deadlines"). Plaintiffs' counsel's actions since discovering their mistake and their Responses to Defendant's Motion (*see* **Exhibit 1 & 2**) reflect a clear intent to ensure that Plaintiffs' claims are heard on their merits at the upcoming hearing. *See Barg Coffin Lewis & Trapp, LLP v. Arlie & Co.*, No. 14-4740-LB, 2014 U.S. Dist. LEXIS 176372, at *6-7 (N.D. Cal. Dec. 22, 2014) (noting "the law's strong preference for trying cases on their merits" (citing *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111-12 (9th Cir. 2011)).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant this motion and:

1. Allow their Responses in Opposition to Defendant's Motion to Compel Arbitration and Motion to Dismiss, attached hereto as **Exhibits 1 & 2**, be filed; and
2. Allow Defendant an additional one-day to file its Replies in Support of its Motion to Compel Arbitration and Motion to Dismiss.

Dated: March 10, 2026

Respectfully submitted,

*/s/ Sonjay Singh*
Sonjay Singh (*Pro Hac Vice*)
**SIRI & GLIMSTAD LLP**
400 East Pratt Street
8th Floor - #16946751
Baltimore, MD 21202
Tel: (772) 783-8436
E: ssingh@sirillp.com

Daniel Srourian (SBN 285678)
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr., Suite 200
Beverley Hills, CA 90210
Tel: (213) 474-3800
E: daniel@sfla.com

*Attorneys for Plaintiffs and the Putative Class*

**<u>LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE</u>**

The undersigned counsel of record for Plaintiffs certifies that this brief contains 1,322 words, which complies with the word limit of L.R. 11-6.1.

*<u>/s/ Sonjay Singh</u>*
Sonjay Singh (*Pro Hac Vice*)