Sonjay C. Singh (*pro hac vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: (772) 783-8436
E: ssingh@sirillp.com

Daniel Srourian (SBN 285678)
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr., Suite 200
Beverley Hills, CA 90210
Tel: (213) 474-3800
E: daniel@sfla.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **L.O.** and **G.V.**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VERGIL SERVICES, INC. D/B/A REDGIFS**,<br><br>Defendant. | Case No. 2:25-CV-05102-PD<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

## ARGUMENT[1]

In its Notice of Supplementary Authority, Defendant Vergil Services, Inc. d/b/a RedGIFs ("RedGIFs") incorrectly argues that *Timothee v. Meta Platforms, Inc.* stands for the blanket proposition that online Tracking Tool[2] disclosures can never inflict a privacy injury sufficient to satisfy Article III. *See* ECF No. 52 (citing *Timothee v. Meta Platforms, Inc.*, No. 25-cv-05106-LB, 2026 U.S. Dist. LEXIS 92553, at *12 (N.D. Cal. Apr. 27, 2026). RedGIFs is incorrect. In reality, *Timothee* stands only for the well-established proposition that a plaintiff must allege a disclosure of personal information that is either "traditionally actionable or highly offensive" to state a cognizable privacy injury. *Timothee*, 2026 U.S. Dist. LEXIS 92553, at *13. As explained further below, Plaintiffs satisfy this standard twice-over by alleging disclosure of (1) information related to their video-viewing histories and (2) information relating to their sexual orientations and proclivities.

As RedGIFs notes, the *Timothee* court relied upon the Ninth Circuit's ruling in *Popa v. Microsoft Corp. See* ECF No. 52. In *Popa*, the Ninth Circuit considered disclosures made by Microsoft Tracking Tools installed on a pet supply website. *Popa v. Microsoft Corp.*, 153 F.4th 784, 786 (9th Cir. 2025). Therein, the Ninth Circuit noted that because an intangible injury must be "similar" to an injury traditionally recognized at common law to satisfy Article III, any disclosure of personal information must be "*highly offensive* to a reasonable person" to inflict a cognizable privacy injury. *Id*. at 791 (emphasis in original). Applying this standard, the Ninth Circuit concluded that the *Popa* plaintiff failed to state an Article III privacy injury because the "information

---

[1] Plaintiffs note that Defendant's Notice of Supplemental Authority is not authorized by the Local Rules, nor did Defendant request the Court's leave prior to filing it. *See* L.R. 7-1, *et seq*. Nonetheless, to avoid the potential waste of judicial resources that would likely result from a motion to strike, Plaintiffs submit this Response and merely request that if the Court considers the Defendant's improper Notice of Supplementary Authority, it also considers the instant Response.

[2] Capitalized terms have the same meaning as given in Plaintiff's Second Amended Complaint, ECF No. 29-1 (the "SAC").

collected (pet store preferences and street name) was not sensitive, embarrassing, or invasive in nature." *Id*. at 786. Based on this reasoning, the *Timothee* court likewise found that the *Timothee* plaintiffs did not allege injury in fact under Article III because neither disclosure that plaintiffs "us[ed] the [defendant's] websites alone" nor "disclosure of basic contact information" constitutes a "highly offensive" disclosure. *Timothee*, 2026 U.S. Dist. LEXIS 92553, at *12.

The same is not true here. ***First***, Plaintiffs allege the disclosure of their specific pornographic video viewing histories, including detailed information regarding their sexual orientations and other sexual preferences. *See* SAC, ¶¶ 6, 98-103. Unlike the disclosures of banal browsing information considered in *Popa* and *Timothee*, the unauthorized dissemination of Plaintiffs' sexual orientations and preferences would undoubtedly be highly offensive to a reasonable person. Indeed, this Court has already found that the Sensitive Information alleged by Plaintiffs implicates a privacy interest in its Order granting Plaintiffs' Motion to Proceed Pseudonymously. *See* ECF No. 20 (allowing Plaintiffs to proceed pseudonymously due to "privacy implications surrounding a person's sexuality and sexual behavior"). ***Second***, in *Popa*, the Ninth Circuit explicitly distinguished the plaintiff's allegations from those considered by its previous ruling in *Eichenberger*, wherein the Ninth Circuit held that because the Video Privacy Protection Act "'codifies a context-specific extension of the *substantive* right to privacy[,]'" "'*every* disclosure of an individual's 'personally identifiable information' and video-viewing history offends the interests that the statute protects'" and thus states a privacy injury sufficient to satisfy Article III. *Popa*, 153 F.4th at 794 (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 981-83 (9th Cir. 2017) (disclosure that plaintiff watched ESPN's athletics programming satisfied Article III)). Plaintiffs allege the same: that RedGIFs disclosed their personally identifiable video-viewing histories on its pornographic website to unauthorized third parties. *See* SAC ¶¶ 6, 98-103.

Simply put, RedGIFs argues that although the ***very Ninth Circuit ruling that it relies upon*** holds that unauthorized disclosures of video-viewing history inflict an Article III injury, the Ninth Circuit would somehow not find the same here as to Plaintiffs' pornographic video-viewing histories. This conclusion is clearly nonsensical. If disclosure of mundane video-viewing history inflicts a privacy injury, disclosure of pornographic video-viewing history must inflict a greater privacy injury still. Consumers undoubtedly value the confidentiality of their pornographic habits far more than the confidentiality of their consumption of mainstream programming, such as the ESPN sports broadcasts considered in *Eichenberger*. *See* 876 F.3d at 981; *see also* SAC ¶ 118 (citing scholarly research showing that individuals "are particularly sensitive about disclosure of information relating to pornography usage").

RedGIFs thus asks the Court to reach a conclusion precluded by the very authority it relies upon. The Court should decline to do so.

Dated: June 2, 2026

Respectfully submitted,

*/s/ Sonjay Singh*
Sonjay Singh (*Pro Hac Vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel: (772) 783-8436
E: ssingh@sirillp.com

Daniel Srourian (SBN 285678)
**SROURIAN LAW FIRM, P.C.**
468 N. Camden Dr., Suite 200
Beverley Hills, CA 90210
Tel: (213) 474-3800
E: daniel@sfla.com

*Attorneys for Plaintiffs and the Putative Class*